UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ALISON GALLAGHER,

        Plaintiff,

        v.                                      Case No. 09-C-0069

UNUM LIFE INSURANCE CO.,

        Defendant.

DECISION AND ORDER
GRANTING DEFENDANT'S SECOND MOTION TO DISMISS (DOC. # 13),
DENYING AS MOOT DEFENDANT'S FIRST MOTION (DOC. # 6),
AND DISMISSING CASE

As an initial matter, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) without any supporting brief or certification that a brief would not be filed. Four months later defendants filed a second motion to dismiss on the ground that the complaint fails to state a claim because, given the alleged date of disability and the relevant policy under which the plaintiff seeks benefits, her claim is barred by the applicable limitations period. Plaintiff has not responded. For the reasons set forth below, defendant's motion to dismiss will be granted.

Ordinarily, the statute of limitations is an affirmative defense. Because complaints are not required to anticipate affirmative defenses, dismissal under Rule 12(b)(6) on statute of limitations grounds is considered "irregular." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). However, dismissal may be appropriate where the allegations of the complaint set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations. *United States v. Lewis*, 411 F.3d 838, 842 (7th

Cir. 2005). When the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by saying nothing. *See Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n. 14 (7th Cir. 1998).

Plaintiff, who was formerly employed by A.G. Edwards, filed this ERISA action on January 16, 2009, seeking long term benefits due under the terms of a group long term disability insurance policy issued by defendant to A.G. Edwards (Policy No. 53040). Benefits were paid under the policy until March 16, 2004, at which time the benefits were terminated. Plaintiff's request for review was denied on June 2, 2004. As a result, she seeks benefits from March 16, 2004, to the present.

Although the disability insurance policy was not attached to the complaint, it may be considered as it was referenced in the complaint and central to plaintiff's claim. *Wright v. Associated Insurance Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"); *see also 188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright*). The defendant filed the affidavit of the Lead Disability Specialist for Unum Life Insurance Company who handled the plaintiff's claim along with a true and correct copy of the Unum Policy No. 530430 issued to A.G. Edwards. The policy states unequivocally that any legal action regarding a claim may be brought 60 days after proof of the claim has been given and up to 3 years from the time proof of the claim is required, unless otherwise provided under federal law. (Unum 00013.)

2

ERISA does not contain a limitations provision for private enforcement actions under 29 U.S.C. § 1132. Under such circumstances, courts apply the most closely analogous statute of limitations under state law. *Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 323, 109 S. Ct. 621, 102 L. Ed. 2d 665 (1989)). However, parties may contract for a shorter limitations period, as long as the shorter period is reasonable. *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874-75 (7th Cir.1997).

Plaintiff's claim accrued three years after the proof of claim was required. Under the terms of the policy, the proof of claim is required no later than ninety days after the elimination period. (Unum 00006.) The elimination period, which is the period of continuous disability which must be satisfied prior to eligibility for benefits, was ninety days from the onset of the disability. (Unum 00004, 00034.) The policy further provides that, if it is not possible to give proof within ninety days, it must be given no later than one year after the time proof is otherwise required. (Unum 00006.)

Plaintiff has not responded with any argument regarding the calculation of the limitations period. Therefore, viewing the policy terms and record in the light most favorable to the plaintiff, she had four years and 90 days after the alleged onset of disability (elimination period + one year + three year contractual limitations period). Plaintiff had an alleged onset date of April 14, 2003, and was paid benefits through March 16, 2004. The elimination period was July 13, 2003, and the additional year gave her until July 13, 2004. It is true that the "manner in which the policy sets the limitations period is better suited to the initial claim decision than it is to claims that are granted and subsequently terminated . . . ." *Abena v. Metropolitan Life Ins. Co.,* 544 F.3d 880, 884 (7th Cir. 2008).

3

Nevertheless, plaintiff still had three years from the July 13, 2004, date to file this suit. Because she did not file until January 16, 2009, this suit is time barred.

Now, therefore,

IT IS ORDERED that defendant's motion to dismiss is granted.

IT IS FURTHER ORDERED that this case is dismissed with prejudice.

Dated at Milwaukee, Wisconsin, this 22nd day of February 2010.

BY THE COURT

s/ C.N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE